PART ONE

Ladies and Gentlemen:

Let me thank you at the outset for the attention which you have paid to the lawyers and the witnesses in the case and to all the evidence that has been introduced. I also want to thank you for your patience in enduring the occasional delays and hearings outside of your presence which are inevitable in any case.

My instructions to you are organized into three parts. The first part deals with criminal cases generally. The second to the law applicable to the specific crimes charged in this case; and the third (and shortest) to the mechanics and procedure of your deliberations.

As you know, the functions of the Judge and of the Jury in a case of this sort are quite different from one another. It is my duty as Judge to instruct you as to the law which applies to the case. It is your duty to decide the facts and, in deciding these facts, to comply with the rules of law and apply them as I state them to you without regard to what you think the law is or should be. In deciding the facts, you must decide them without prejudice, or bias, or sympathy.

The fact that the prosecution is brought in the name of the United States of America entitles the government to no greater consideration than that accorded to any other party to a litigation. By the same token, it is entitled to no less consideration. All parties, whether government or individuals, stand as equals at the bar of justice.

You and only you are the judges of the facts. If any expression of mine or anything I may or may not have done or said - or any questions I asked - would seem to indicate any opinion relating to any factual matter, I instruct you to disregard it. I also instruct you to disregard any comments I made to counsel.

In determining the guilt or innocence of the defendant you may consider not only the evidence referred to by counsel during their arguments but any which you may believe to be material.

If any reference by counsel to matters of evidence does not coincide with your own recollection, it is your recollection which is to control during your deliberations.

You are to consider only the evidence in the case. But in your consideration of the evidence you are not limited to the bald statements of the witnesses. On the contrary, you are permitted to draw, from facts which you find have been proved, such reasonable inferences as seem justified in the light of your own experience.

The statements and arguments of counsel and questions which they ask which contain assertions of fact are not evidence and should not be considered as evidence unless (1) counsel ask a question of a witness that is answered "yes" or "no," or (2) counsel made a statement concerning a stipulation between these parties. When the attorneys on both sides stipulate or agree as to the existence of a fact, you should consider that fact as you do all other evidence in the case.

At times throughout the trial I have been called upon to pass on the admissibility of certain offered evidence. You should not be concerned with my rulings or the reasons for them. Whether evidence which has been offered is admissible or is not admissible is purely a question of law, and from a ruling on such a question you are not to draw any inference. In admitting evidence, to which an objection has been made, the court does not determine what weight should be given to such evidence. You must not guess what the answer might have been to any question to which an objection was sustained, and you must not speculate as to the reason the question was asked or the reason for the objection. Every party has the right to object to any evidence, to obtain from the court the legal opinion of the court as to whether such evidence is admissible, and, if

admissible, for what purposes and to what extent. You are not to infer that any objection to evidence had any other purpose. Any evidence as to which an objection was sustained by the court, and any evidence which I have ordered stricken, must be entirely disregarded.

You will have with you during your deliberations a copy of the indictment. An indictment is simply a formal method of accusing a defendant of a crime. It is not evidence of any kind against the accused, and does not create any presumption or permit any inference of guilt. A defendant's plea of not guilty to the indictment puts in issue every material allegation of fact contained in the indictment, and further each plea of not guilty serves as a continuing denial by the defendant of the evidence offered against him by the prosecution.

Another rule applicable to criminal cases is that a defendant is entitled to the presumption of innocence. Thus, a defendant though accused, begins a trial with a clean slate, that is to say, with no evidence against him. This presumption attends a defendant throughout the trial, and the burden of overcoming this presumption rests upon the government, which must establish a defendant's guilt by evidence beyond a reasonable doubt with respect to every essential element of the particular count under consideration.

From the beginning of the trial to the end, the government has the burden of establishing, beyond a reasonable doubt, every fact essential to the conviction of the defendant. A defendant has no burden to sustain, and has no duty to prove that he did not commit the alleged crime.

A reasonable doubt may arise not only from the evidence produced, but also from a lack of evidence. Since the burden is upon the prosecution to prove the accused guilty beyond a reasonable doubt of every essential element of the crime charged, a defendant has the right to rely upon failure of the prosecution to establish such proof. A defendant may also rely upon evidence brought out on cross-examination of witnesses for the prosecution. The law does not impose

upon a defendant the duty of producing any evidence.

There are two types of evidence from which a jury may properly decide what the facts are. One is direct evidence -- such as the testimony of an eyewitness. The other is circumstantial evidence -- the proof of a chain of circumstances pointing to the commission of the offense.

As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that, before convicting a defendant, the jury be satisfied of the defendant's guilt beyond a reasonable doubt from all the evidence in the case.

The evidence in this case consists of the sworn testimony of the witnesses, the exhibits received in evidence and stipulations.

The fact that one party called more witnesses and introduced more evidence than the other does not mean that you should necessarily find the facts in favor of the side offering the most witnesses. By the same token, you do not have to accept the testimony of any witness who has not been contradicted or impeached, if you find the witness not to be credible. You also have to decide which witnesses to believe and which facts are true. To do this you must look at all the evidence, drawing upon your own common sense and personal experience.

Exhibits which have been marked for identification but not received may not be considered by you as evidence. Only those exhibits received may be considered as evidence.

Anything you may have seen or heard about this case outside the courtroom is not evidence and must be entirely disregarded.

You, as jurors, are the sole judges of the credibility of the witnesses and the weight their testimony deserves. You should carefully scrutinize the testimony given by each witness and the circumstances under which each witness has testified, and every matter in evidence which tends to indicate whether the witness is worthy of belief. Consider each witness' intelligence, motive and

state of mind, and his or her demeanor and manner while on the stand. Consider also any relation each witness may bear to either side of the case; whether a witness has demonstrated any bias, prejudice or hostility toward a party; the manner in which each witness might be affected by the verdict; and the extent to which, if at all, each witness is either supported or contradicted by other evidence.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to discredit such testimony. Two or more persons witnessing an incident may see or hear it differently, and innocent misrecollection, like failure of recollection, is not an uncommon experience. A witness may be discredited or impeached, not only by contradictory evidence, but also by evidence that at other times the witness has made statements which are inconsistent with his present testimony. Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of differing witnesses, should be considered by you, but, in weighing their effect, you should consider whether the inconsistencies or discrepancies pertain to a matter of importance or an unimportant detail, and whether you believe the discrepancy or inconsistency results from innocent error or willful falsehood.

After you have considered all of the factors bearing upon the credibility of a witness which I have mentioned to you, you may conclude to reject all of the testimony of a particular witness, none of the testimony of a particular witness, or part of the testimony of a particular witness. In other words, you may give the testimony of any witness such credibility, if any, as you may think it deserves.

The government has presented exhibits in the form of charts and summaries. I decided to admit these charts and summaries in place of the underlying documents that they represent in order

to save time and avoid unnecessary inconvenience. You should consider these charts and summaries as you would any other evidence.

The defendant did not testify in this case. Under our constitution, a defendant has no obligation to testify or to present any other evidence, because it is the prosecution's burden to prove a defendant guilty beyond a reasonable doubt. That burden remains with the prosecution throughout the entire trial and never shifts to the defendant. A defendant is never required to prove that he is innocent.

You may not attach any significance to the fact that the defendant did not testify. No adverse inference against a defendant may be drawn by you because he did not take the witness stand. You may not consider this against a defendant in any way in your deliberations in the jury room.

You have heard the testimony of a law enforcement official. The fact that a witness may be employed as a law enforcement official does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness. At the same time, it is quite legitimate for defense counsel to try to attack the credibility of a law enforcement witness on the grounds that his or her testimony may be colored by a personal or professional interest in the outcome of the case. It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witness and to give to that testimony whatever weight, if any, you find it deserves.

There has been evidence that the defendant made certain statements in which the government claims he admitted certain facts charged in the indictment.

In deciding what weight to give the defendant's statements, you should first examine with great care whether each statement was made and whether, in fact, it was voluntarily and

understandingly made. I instruct you that you are to give the statements such weight as you feel they deserve in light of all the evidence.

You will note the indictment charges that the offense was committed "on or about" a certain date. The proof need not establish with certainty the exact date of the alleged offense. It is sufficient if the evidence in the case establishes beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

To conclude this first portion of my instructions, let me simply say that there is nothing peculiarly different in the way a jury should consider the evidence in a criminal case, from that in which all reasonable persons treat any question depending upon evidence presented to them. You are expected to use your good sense, considering the evidence in the case for only those purposes for which it has been admitted, and giving it a reasonable and fair construction, in the light of your common knowledge of the natural tendencies and inclinations of human beings.

## PART TWO

It has been said that a crime consists of two principal parts: a criminal intent and a criminal act.

Let me talk for a moment about criminal intent. Generally, intent to do something means someone knows what he is doing and does it on purpose or willfully. For the crime charged in this case, the government must show beyond a reasonable doubt that, with regard to the criminal act charged, the defendant knowingly and willfully specifically sought to do the illegal act charged.

Knowledge, willfulness and intent involve the state of a person's mind. It has often been said to juries that the state of one's mind is a fact as much as the state of his or her digestion. Accordingly, this is a fact you are called upon to decide.

Medical science has not yet devised an instrument which can record what was in one's mind in the distant past. Rarely is direct proof available to establish the state of one's mind. This may be inferred from what he says or does: by words, actions, and conduct, as of the time of the occurrence of certain events.

The intent with which an act is done is often more clearly and conclusively shown by the act itself, or by a series of acts, than by words or explanations of the act uttered long after its occurrence. Accordingly, intent, willfulness and knowledge are usually established by surrounding facts and circumstances as of the time the acts in question occurred, or the events took place, and the reasonable inferences to be drawn from them.

In order to sustain its burden of proof, the government must prove that the defendant acted knowingly. A person acts knowingly if he acts intentionally and voluntarily, and not

because of ignorance, mistake, accident, or carelessness. In determining whether or not the Government has proved that the defendant acted knowingly, you should consider all of the facts and circumstances surrounding the case.

Proof of motive is not a necessary element of the crime with which the defendant is charged. Proof of motive does not establish guilt, nor does want of proof of motive establish that a defendant is innocent.

If the guilt of a defendant is shown beyond a reasonable doubt, it is immaterial what the motive for the crime may be--or whether any motive be shown, but the presence or absence of motive is a circumstance which you may consider as bearing on the intent of a defendant.

You may not infer that the defendant is guilty of participating in criminal conduct merely from the fact that he was present at the time the crime was being committed and had knowledge that it was being committed.

The single count of the Indictment charges the defendant with knowingly causing or attempting to cause the transmission of a program, information, code or command and thereby intentionally causing damage to a protected computer.

In order to satisfy its burden of proof as to the crime charged in the indictment, the government must establish each of the following elements beyond a reasonable doubt.

First, that the defendant knowingly caused the unauthorized transmission of a program, information, code or command to a protected computer;

Second, that the defendant caused the transmission of the program, information, code, or command with the intent to damage or deny services to a computer or computer system;

Third, that the defendant thereby caused damage, as I will define that term for you; and

Fourth, that the defendant's actions caused or would, if completed, have caused loss to

Fannie Mae during any one year period aggregating at least $5,000 in value.

The first element that the government must prove beyond a reasonable doubt is that the defendant knowingly caused the unauthorized transmission of a program or information or code or command to a protected computer.

As defined in the statute, a "computer" means "an electronic, magnetic, optical, electromechanical, or other high speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device."

This element requires that the government prove that the defendant's transmission of the computer program was unauthorized. Under the statute, this means that the transmission occurred without the permission of the person or entity who owns or is responsible for the computer receiving the transmitted program.

This element also requires that the government prove that the defendant transmitted the program knowingly. A person acts knowingly if he acts intentionally and voluntarily, and not because of ignorance, mistake, accident or carelessness. Whether the defendant acted knowingly may be proven by the defendant's conduct and by all of the facts and circumstances surrounding the case.

Finally, this element requires that the government prove that the defendant transmitted the computer program to a "protected computer." This means that the government must prove that the computer was:

> used by or for a financial institution or the United States Government. It is not required that the computer be used exclusively by the financial institution, but the defendant's unauthorized accessing of the computer must have affected the use of

the computer by the financial institution. A "financial institution" means any office of any bank insured by the Federal Deposit Insurance Corporation, credit union, home loan bank, securities broker or dealer, or foreign bank.

The second element that the government must prove beyond a reasonable doubt is that the defendant caused the transmission of the program with the intent to cause damage, as I will define that term for you.

To act with "intent" means to act deliberately and purposefully. That is, the defendant's acts must have been the product of defendant's conscious objective, rather than the product of a mistake or accident.

The question of whether a person acted intentionally is a question of fact for you to determine, like any other fact question. The question involves one's state of mind. Direct proof of intent is almost never available. It would be a rare case when it could be shown that a person wrote or stated that as of a given time in the past he committed an act intentionally. Such proof is not required. The ultimate fact of intent, though subjective, may be established by circumstantial evidence, based upon a person's outward manifestations, his words, his conduct, his acts and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn from them.

As a practical matter, then, in order to sustain the charges against the defendant, the government must establish beyond a reasonable doubt that the defendant transmitted the computer program for the purpose of causing damage.

The third element the government must prove beyond a reasonable doubt is that by transmitting the program, the defendant caused damage.

"Damage" means any impairment to the integrity or availability of data, a program, a system, or information.

The fourth element that the government must prove beyond a reasonable doubt is that the defendant's action caused a loss aggregating at least $5,000 in value during any one-year period to one or more persons.

In determining the amount of losses, you may consider any reasonable cost that any person sustained as a result of any impairment to the computer system, data, programs, or information that you find occurred. You may consider what measures were reasonably necessary to respond to the event, to conduct damage assessment, to restore to its condition before the event the system, data, programs, or information that you find were damaged, and any revenue lost or cost incurred because of the interruption in service.

The term "person" as I just used it includes any individual, company, educational or financial institution, governmental agency, and any other legal entity.

This element may be satisfied if the government proves beyond a reasonable doubt that one or more persons were harmed by the defendant's conduct in an amount totaling at least $5,000 during a twelve-month period.

## PART THREE

I have now reached the third part of my instructions relating to the mechanics and procedure of your deliberations.

When you retire to the jury room, you will select one of yourselves to act as your foreperson. The foreperson will preside over your deliberations and be your spokesperson here in Court. When you have reached a unanimous verdict, please notify the bailiff. You will then return to the Courtroom and the courtroom deputy, after taking roll call, will take your verdict.

If it becomes necessary during your deliberations to communicate with me, you may send a note by a bailiff, signed by your foreperson, or by one or more members of the jury. No member of the jury should ever attempt to communicate with me by any means other than a signed writing; and I will never communicate with any member of the jury on any subject touching the merits of the case, otherwise than in writing, or orally here in open Court.

You will note from the oath about to be taken by the bailiff that she too, as well as all other persons, is forbidden to communicate in any way or manner with any members of the jury on any subject touching the merits of the case.

Bear in mind also that you are never to reveal to any person - not even to the Court - how the jury stands, numerically or otherwise, on the issues to be decided, until after you have reached an unanimous verdict.

The verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree thereto. Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment. Each of you must decide the case for himself, but do so only after an impartial consideration of the evidence in

the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are not partisans. You are judges - judges of the facts.